UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-274-WTL-DKL |
| ) | |
| CITY OF MUNCIE INDIANA COURT, ) | |
| ITS AGENTS AND DELAWARE COUNTY ) | |
| SHERIFF DEPARTMENT AND ITS AGENT, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

For the reasons explained below certain claims shall proceed while other claims are dismissed.

**I. Standard of Review**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). The amended complaint filed by Curtis Westbrook is now subject to this screening requirement.

## II. Amended Complaint

Mr. Westbrook alleges that his civil rights were violated by Judge Diane Bennington and Bailiff Daniel Hahn. In addition, Mr. Westbrook alleges that the City of Muncie and the Delaware County Sheriff's Department have a policy or practice which caused his injuries, specifically improperly acting on an invalid bench warrant which resulted in Mr. Westbrook's arrest and false imprisonment.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The allegations in the amended complaint implicate violations of Mr. Westbrook's Fourth Amendment guarantee against unreasonable seizures (this includes false arrest and imprisonment). No other viable claims were identified.

The Court understands the viable defendants in this action to be Diane Bennington and Danial Hahn (in their individual capacities), the City of Muncie and Delaware County Sheriff's Department. The **clerk is directed** to update the docket to reflect these four defendants have been named in the amended complaint.

The Court notes that the amended complaint attempts to proceed pursuant to 42 U.S.C. § 1985. To establish liability for conspiracy under § 1985, a plaintiff must establish: 1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-04 (1971). "[T]o state a cause of action under" this provision, the plaintiff "must allege that the acts complained of were the product of racial or class-based animus." *Komasinski v. I.R.S.*, 588 F. Supp 974, 977 (N.D. Ind. 1984) (*citing Dunn v. State of Tennessee*, 697 F.2d 121 (6th Cir. 1982)). "A complaint that does not contain such allegations will be dismissed . . . under Rule 12(b)(6) . . . ." *Id.* That is the situation here with respect to Westbrook's claim pursuant to § 1985. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir. 1986). There is no suggestion that the acts complained of were the product of racial or class-based animus.

In addition, "the function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.' When, as here, the defendants are all state actors, 'a § 1985(3) claim does not add anything except needless complexity.'" *Turley v. Rednour*, 2013 WL 3336713, * 7, fn. 2 (7th Cir. 2013) (*quoting Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). It is for this reason that the § 1985 claim is dismissed.

### III. Further Proceedings

Mr. Westbrook shall have **through April 14, 2016**, to notify the Court if he believes the court has misunderstood the defendants or the claims in this action. Otherwise the Fourth Amendment claims against Diane Bennington and Danial Hahn, the City of Muncie and Delaware County Sheriff's Department shall proceed as submitted.

If Mr. Westbrook seeks the Court's assistance in serving the defendants he should provide their mailing address by no later than **April 14, 2016.** If mailing addresses are not received by this date Mr. Westbrook will be expected to serve the defendants consistent with Rule 4 of the Federal Rules of Civil Procedure.

Date: 3/24/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN 47302