# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:16-cv-00274-WTL-DML |
| DIANE BENNINGTON, DANIAL HAHN, CITY OF MUNCIE, DELAWARE COUNTY SHERIFF'S DEPARTMENT, MATTHEW HOLLANS, MUNCIE POLICE DEPARTMENT, MUNCIE CITY COURT OF MUNCIE, INDIANA, UNKNOWN POLICE OFFICERS, | ) |
| Defendants. | ) |

**Entry Granting in Part and Denying in Part Defendants' Motion to Dismiss**

For the reasons explained below, the motion to dismiss filed by defendants former Judge Dianna Bennington and the Muncie City Court (collectively, the "defendants"), Dkt. No. 89, is **granted in part and denied in part.** The motion is granted to the extent that Bennington is entitled to judicial immunity and all claims alleged against her are dismissed. The motion is denied as to the Muncie City Court because the defenses asserted are not applicable to this municipal defendant.

## I. Standard of Review

The defendants seek dismissal of the claims against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v.*

*Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). In ruling on this motion to dismiss, the Court accepts the defendants' unopposed request to take judicial notice of two documents. Fed. R. Evid. 201. The first is the Chronological Case Summary associated with *Muncie City Court v. Curtis Westbrook*, Cause No. 18H01-1402-MI-000003 (Muncie City Court) (Dkt. No. 90-1). The second document is Order Accepting Agreed Discipline, *In the Matter of the Honorable Dianna L. Bennington*, Cause No. 18S00-1412-JD-733 (Ind. 2015) (Dkt. No. 90-2).

## II. Factual Background

Plaintiff Curtis L. Westbrook alleges both federal constitutional claims under 42 U.S.C. § 1983 and state law claims against the defendants.

The Muncie City Court's Chronological Case Summary ("CCS") for *Muncie City Court v. Curtis Westbrook*, Cause No. 18H01-1402-MI-000003, shows the case was opened on February 11, 2014, and that the Court found Westbrook guilty of contempt of Court on February 10, 2014, for distributing the letters, but that Westbrook left the courtroom before he could be detained. A bench warrant was issued for Westbrook's arrest.

On February 11, 2014, Westbrook was present in the Muncie City Court because his son had a hearing scheduled that day. He was arrested and held in the Delaware County Jail for ten (10) days.

Bennington failed to bring Westbrook before her to inform him of the alleged nature of the contempt or to otherwise provide him with an opportunity to explain, apologize, or give additional information about the alleged contemptuous act(s). Bennington also failed to inform Westbrook of his right to appeal a contempt sentence. Bennington failed to orally inform Westbrook of the length of his contempt sentence and did not verify that Westbrook was given a copy of a written contempt order that was inputted on the CCS on February 11, 2014.

Westbrook alleges that the Court's official records were altered at the direction of Defendant Bennington to falsely reflect that a finding of contempt was made on February 10, 2014, and falsely claim that Westbrook left the courtroom "before he could be detained."

Bennington was the subject of an Indiana Supreme Court Disciplinary Commission Complaint and entered into a Statement of Circumstances and Conditional Agreement. In those proceedings, Bennington stipulated "that by ordering Westbrook arrested and jailed for contempt without bringing Westbrook before [Bennington] to inform Westbrook of the alleged nature of the contempt or to give him an opportunity to explain, apologize, or given [sic] additional information about the alleged contemptuous act(s) and by not providing Westbrook with other sufficient due process prior to ordering him jailed for contempt, [Bennington] abused her contempt powers. . . ." Dkt. No. 90-2 at p. 7. The Supreme Court accepted the stipulated facts and adopted the statement of circumstances and conditional agreement for discipline as an Order of the Indiana Supreme Court. Dkt. No. 90-2 at p. 1.

3

### III. Discussion

For the reasons explained below, Bennington is entitled to judicial immunity and the Muncie City Court is not entitled to dismissal for the reasons requested by State Defendants.

### A. Bennington

The fourth amended complaint, Dkt. No. 126, alleges that Bennington's abuse of her contempt powers resulted in violations of Westbrook's constitutional rights including his rights under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments. Westbrook also brings state law claims of intentional infliction of emotional distress, abuse of process, false arrest and imprisonment, and malicious prosecution against Bennington. The defendants argue that all are barred by judicial immunity.

The defendants argue that former Judge Dianna Bennington is entitled to judicial immunity and that all claims brought against her should be dismissed.

Judicial officers are protected by a common law immunity from suit brought on the basis of judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-356 (1978). The absolute immunity afforded to judges is only abrogated when the judge is not acting within his judicial capacity or acts in the clear absence of all jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (*citing Pierson v. Ray*, 386 U.S. 547 [1967]). A judge "will not be deprived of immunity because the action he took was in error … or was in excess of his authority." *Mireless*, 502 U.S. at 13. Likewise, immunity cannot be defeated by allegations that the judge conspired with non-immune persons. *Peña v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996).

In response, Westbrook argues that he was not guilty of direct contempt as defined in Indiana Code § 34-47-2-1(a)(3) and that he never dealt with Bennington as a judge such that her actions were not judicial but personal. He references *Spires v. Bottorff*, 317 F. 2d 273 (7th Cir. 1963), in support of his argument. In that case, the Seventh Circuit found that the plaintiff prisoner had stated a claim against an Indiana Circuit Court Judge who interfered with judicial proceedings after he had disqualified himself. *Spires* is not persuasive, however, because it does not discuss judicial immunity and it was decided more than fifteen years before the Supreme Court's decision in *Stump,* which considered the scope of a judge's immunity from damages liability when sued under 42 U.S.C. § 1983. *See Stump*, 435 U.S. 349 (1978).

The act of holding someone in contempt is a judicial act traditionally performed by a judge in their judicial capacity. In addition, as a city court judge, Bennington had jurisdiction to hold court participants in contempt. Specifically, a city court judge "has all powers incident to a court of record in relation to: . . . the punishment of contempts." Ind. Code § 33-35-2-1(a). *See also, Mireles*, 502 U.S. at 10–13 (holding that a judge's order to his courtroom police officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom" was a judicial act).

Because Bennington had jurisdiction to find an individual in contempt of court and was acting in her judicial capacity when she found Westbrook in contempt, she is entitled to judicial immunity even though she abused that power. This determination is consistent with the Opinion of the Indiana Supreme Court, which states, "that by ordering Westbrook arrested and jailed for contempt without bringing Westbrook before [Bennington] to inform Westbrook of the alleged nature of the contempt or to give him an opportunity to explain, apologize, or given [sic] additional information about the alleged contemptuous act(s) and by not providing Westbrook with other

sufficient due process prior to ordering him jailed for contempt, [Bennington] **abused her contempt powers**. . . ." Dkt. No. 90-2 at p. 7 (emphasis added).

Bennington's motion to dismiss, Dkt. No. 89, is **granted.** She is entitled to judicial immunity and all claims against Bennington are dismissed.

**B. Muncie City Court**

Next the State defendants argue that the claims against the Muncie City Court should be dismissed because it is a state agency and a state agency is not a "person" amenable to suit under 42 U.S.C. § 1983.

It is true that States, their agencies, and their officials acting in their official capacities are not "persons" under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). But, the Muncie City Court is not a state entity. Instead, it is a municipal court. See Ind. Code § 33-35-1-1 (allowing cities to establish or abolish a city court by ordinance); *see e.g. Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 508 (7th Cir. 2017) (describing Carmel City Court as a municipal court).

In support of its position that the Muncie City Court is a state agency, the defendants reference *Woods v. City of Michigan City, Ind.*, 940 F.2d 275 (7th Cir. 1991). But that case held that "judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system: 'they are not county officials.'" *Id.* at 279 (*citing Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D.Ind.), aff'd 705 F.2d 462 (7th Cir.1982)). *Woods* does not address city courts.

The Muncie City Court is not entitled to dismissal on the basis that it is a state agency. Similarly, the Muncie City Court is not entitled to sovereign immunity as a state entity.

**C. Indiana Constitutional Claims**

Westbrook confirmed that he has not sought a private right of action for damages under the Indiana Constitution.

## IV. Conclusion

Bennington's actions in holding Westbrook in contempt were done pursuant to her authority under Ind. Code § 33-35-2-1(a). They were judicial acts performed in Bennington's capacity as a judge. There is no "clear absence of jurisdiction" which would take Bennington's actions outside the scope of judicial immunity under federal and state law. As such, Bennington is immune from suit as to all of Westbrook's claims under state law and 42 U.S.C. § 1983. The **clerk is directed** to terminate Bennington as a defendant on the docket.

The Muncie City Court is not a state agency and is not entitled to dismissal on that basis.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 1/25/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN 47302

Electronically Registered Counsel