```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION
```

| | | |
|---|---|---|
| CURTIS L. WESTBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00274-WTL-DLP |
| | ) | |
| DANIAL HAHN, | ) | |
| CITY OF MUNCIE, | ) | |
| DELAWARE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| MATTHEW HOLLANS, | ) | |
| MUNCIE POLICE DEPARTMENT, | ) | |
| MUNCIE CITY COURT OF MUNCIE, | ) | |
| INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Joinder and Severing Claims**

The plaintiff's motion for joinder of previously unknown defendants has been considered. For the reasons explained below, the claims against the newly named defendants shall be joined in this action, but immediately severed—along with the Delaware County Sheriff's Department—into a new action.

**I.**

The plaintiff seeks to add Bonita Smithers, Terri Hamilton, Chris Hoose, Jason Wentz, Anthony Ford, and Bridgett Martin as defendants through the filing of a Fifth Amended Complaint. These defendants are all alleged to be agents of the Delaware County Sheriff. The plaintiff alleges that these individual defendants along with the Delaware County Sheriff, are responsible for violating the plaintiff's Eighth and/or Fourteenth Amendment rights while he was detained at the

Delaware County Jail. In particular these defendants were responsible for denying him medications for two days and/or placing him in a top bunk even though he suffered from a hernia.

These facts state a plausible claim for relief based on the theory that the defendants were deliberately indifferent to the plaintiff's serious medical needs and subjected him to unconstitutional conditions of confinement.

The operative pleading in this action is the Fourth Amended Complaint filed on December 14, 2017. The other claims currently proceeding in this action all stem from the plaintiff's arrest on February 10, 2014. For example, he sets forth nine claims for relief which include retaliation, arrest without lawful justification, unreasonable search and seizure, denial of due process and malicious prosecution, and denial of substantive due process. These claims all relate to his arrest and subsequent loss of liberty.

## II.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action. In this case, the claims against the Sheriff of Delaware County and Bonita Smithers, Terri Hamilton, Chris Hoose, Jason Wentz, Anthony Ford, and Bridgett Martin would be better addressed in a separate action. This is because the conditions of confinement and medical care the plaintiff received at the Delaware County Jail are separate and

2

distinct from the facts and legal issues surrounding his arrest and loss of liberty at the hands of other defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder. . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.").

In such a situation, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied in this instance.

Proceeding in this manner will assist this Court in managing its docket efficiently. For instance, the plaintiff's motion to join additional parties was timely because multiple extensions of time were granted. This does not mean that there may not be a valid statute of limitations defense, only that the timing of the request itself is not a reason to reject it. The Delaware County Jail argues that allowing the additional parties to be joined in this action at this time would be futile because such claims are barred by res judicata and the statute of limitations. Those defenses will need additional briefing and consideration which will be better addressed in the newly opened action. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (explaining that federal courts have the inherent authority to rule and manage their dockets efficiently and that this authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

**III.**

The claims against the Sheriff of Delaware County and Bonita Smithers, Terri Hamilton, Chris Hoose, Jason Wentz, Anthony Ford, and Bridgett Martin are **severed** from this action. To effectuate this ruling, one new civil action from the Indianapolis Division shall be opened, consistent with the following:

- a. Curtis L. Westbrook shall be the plaintiff in the newly opened action.

- b. The Nature of Suit in the newly opened actions shall be 555.

- c. The Cause of Action in the newly opened actions shall be 42:1983pr.

- d. The proposed fifth amended complaint in this action, Dkt. No. 148-1, shall be filed and re-docketed as the complaint in the newly opened action.

- e. A copy of this Entry shall be docketed in the newly opened action.

- f. This action and the newly-opened action shall be shown as linked actions.

- g. The defendants in the newly opened action are Sheriff of Delaware County and Bonita Smithers, Terri Hamilton, Chris Hoose, Jason Wentz, Anthony Ford, and Bridgett Marin.

- h. The assignment of judicial officers shall be by random draw.

- i. The **clerk is directed** to terminate the Sheriff of Delaware County as a defendant on the docket in this action.

**IV.**

Claims in the newly-opened actions are distinct from those in this action and from each other. All claims against Sheriff of Delaware County and Bonita Smithers, Terri Hamilton, Chris Hoose, Jason Wentz, Anthony Ford, and Bridgett Martin are terminated in this action.

The motion for joinder, Dkt. No. 148, is **granted** and claims against the newly joined defendants along with the Sheriff of Delaware County are immediately severed. This action

docketed as No. 1:16-cv-274-WTL-DLP shall proceed only as to Daniel Hahn, Matthew Hollans,[1]
City of Muncie, Muncie Police Department and Muncie City Court.

**IT IS SO ORDERED.**

Date: 5/25/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN 47302

Katlyn M. Christman
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
kchristman@khkklaw.com

Joseph M. Hendel
STEPHENSON MOROW & SEMLER
jhendel@stephlaw.com

James Blake Hike
CARSON, LLP
hike@carsonllp.com

Rebecca Sue Kleber
CARSON, LLP
kleber@carsonllp.com

Elizabeth A. Knight
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
eknight@khkklaw.com

Jennifer Elizabeth Lemmon
INDIANA ATTORNEY GENERAL
jennifer.lemmon@atg.in.gov

Mark E. Miller
DANKS & DANKS

---

[1] The motion for joinder clarifies that defendant Matthew Hahn is understood to be an employee of the City and not the County. There is no objection to that understanding.

mmiller@danks-danks.com

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

Joseph W. Smith
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
jsmith@khkklaw.com