UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CURTIS L. WESTBROOK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-00274-WTL-DLP |
| DANIEL HAHN, et al. | ) |
| Defendants. | ) |

**Entry Enforcing Settlement Agreement and Entering Final Judgment**

In this civil action Plaintiff Curtis L. Westbrook alleges that his civil rights were violated as a result of his arrest and subsequent loss of liberty on February 10, 2014. Dkt. 183. Claims against former Judge Diane Bennington were dismissed based on judicial immunity on January 25, 2018. The defendants remaining in this action–City of Muncie, the Muncie Police Department, Daniel Hahn, Matthew Hollans and Muncie City Court of Muncie, Indiana–seek dismissal of the claims alleged against them through the enforcement of a settlement agreement. Defendants request that the Court issue an order dismissing this action pursuant to settlement. For the reasons explained below, the defendants' motion to dismiss, dkt 215, is **granted** and final judgment shall now enter.

**I. Background**

On July 30, 2018 the parties appeared for a settlement conference before the magistrate judge. The conference did not result in a settlement.

On August 8, 2018, defendants' counsel and plaintiff's counsel had a telephone conference. The defendants' counsel, with authority from defendants' insurer, made an offer of $12,500 in

exchange for the release of all remaining defendants. Plaintiff's counsel accepted the offer. Plaintiff Mr. Westbook testifies in an affidavit that he "agreed to the monetary settlement and authorized my counsel, Mark E. Miller, to accept a settlement of $12,500, subject to my review and acceptance of the binding terms and conditions of a written settlement agreement." Dkt. 223-1 at ¶4.

Thereafter, defendants' counsel agreed that plaintiff's counsel could make an *ex parte* call to the Court to notify the Court that the parties settled the case. This phone call was made. See DE 198 ("The Court has been advised by counsel that a settlement has been reached in this action").

Multiple emails were exchanged between counsel on August 9 and 10, 2018, regarding the language of a stipulation of dismissal and release agreement, and when plaintiff could expect a settlement check. The parties' counsel were able to agree on the language on both the stipulation of dismissal and release agreement. The settlement agreement negotiated by counsel was attached to the plaintiff's response brief at docket number 223-1.

Mr. Westbook testified that "[a]fter reviewing the proposed written settlement agreement and considering those terms in light of the settlement amount, I rejected the proposed binding terms and conditions and refused to sign the document, as the document contained material terms that I had not already agreed upon." Dkt. 223-1 at ¶ 6. Mr. Westbrook gave two related reasons for his refusal to sign the release document. He testified:

> Upon review of the proposed binding terms and conditions, I first understood that the only compensation that I would receive from the City Defendants was compensation for each of the 10 days I was forcibly denied my liberty and incarcerated in the Delaware County Jail, but not the injuries I received while incarcerated or any resulting damages from humiliation and embarrassment of being incarcerated, which injuries and damages would not have occurred but for the wrongful acts of the Defendants.

2

Affidavit at ¶ 7

> Under the proposed settlement agreement, the Defendants are accepting no liability or responsibility for any injury I sustained while incarcerated at the Delaware County Jail past and/or future. Accepting the proposed binding terms and conditions of the settlement agreement would not protect me from the possible dismissal of my claims against the Delaware County Sheriff's Department.

Affidavit at ¶ 8.

On August 21, 2018, plaintiff's counsel notified the Court and defendants that Mr. Westbrook did not wish to proceed with settlement.

## II. Discussion

Defendants argue that Mr. Westbrook refuses to abide by an agreement to settle this case and request an order enforcing the oral settlement agreement and dismissing this action. Plaintiff argues that the motion should be denied because he did not agree to the binding terms and conditions of a written settlement agreement or execute any document.

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Am. Homeland Title Agency, Inc. v. Robertson*, 348 F. Supp. 3d 852 (S.D. Ind. 2018) (citing *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016)). The Indiana Court of Appeals has explained:

> "Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)), *trans. denied*. Settlement agreements are governed by the same general principles of contract law as other agreements. *Id.* Generally, a settlement agreement is not required to be in writing. *Id.* The existence of a contract is a question of law, and the basic requirements of a contract are offer, acceptance, consideration, and "a meeting of the minds of the contracting parties." *Batchelor v. Batchelor*, 853 N.E.2d 162, 165 (Ind. Ct. App. 2006). When determining if a contract is enforceable, we must consider two interrelated areas: intent to be bound and definiteness of terms. *Sands*, 945 N.E.2d at 180. In order to

> render a contract enforceable, only the essential terms need be included. *Id.* Whether the parties intended to execute a subsequent written document is relevant to the determination of intent to be bound. *Id.*
>
> An agreement to settle a claim in federal court is enforced just as any other contract. *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). State law governs whether a contract to settle a case was made. *Id*. While some litigants believe that "they can change their mind at any time before they actually sign the settlement agreement[,] ... that perception is often unfounded in the law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000) (affirming district court's enforcement of settlement agreement).

*Jonas v. State Farm Life Ins. Co.*, 52 N.E.3d 861, 868 (Ind. Ct. App. 2016).

The Seventh Circuit has counseled "that the relevant inquiry is whether the agreement at issue is sufficiently clear regarding its material terms, not whether the agreement was captured in writing." *Beverly v. Abbott Labs.*, 817 F.3d 328, 334 (7th Cir. 2016). *See also Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010) (affirming enforcement of preliminary oral agreement and finding that the "material terms were definite and certain: defendants would pay $6,000 to the Elustras in exchange for their dismissal of the lawsuit."). The "anticipation of a more formal future writing does not nullify an otherwise binding agreement." *Beverly*, 817 F.3d at 334 (7th Cir. 2016) (internal quotations omitted).

In this case, Defendants offered $12,500 in exchange for the release of all remaining defendants and Mr. Westbrook agreed to this monetary settlement and authorized his counsel to accept the settlement. Thus, there was an offer, acceptance, consideration ($12,500 for the dismissal of remaining defendants in this case) and "a meeting of the minds of the contracting parties." These facts are sufficient to demonstrate that there is an enforceable oral contract. The essential terms are release of defendants through the dismissal of this action in exchange for

$12,500. The parties clearly intended to execute a subsequent written document, which is further reflection of their intent to be bound by the agreement.

Mr. Westbrook apparently refused to sign the proposed release because he understood the release to reflect that he would be receiving compensation from Defendants for each of the 10 days he was denied his liberty and incarcerated in the Delaware County Jail, but not for the injuries he received while incarcerated or any resulting damages from humiliation and embarrassment of being incarcerated. He claims that "[a]ccepting the proposed binding terms and conditions of the settlement agreement would not protect me from the possible dismissal of my claims against the Delaware County Sheriff's Department." Affidavit at ¶ 8.

Mr. Westbrook pursued claims alleging that he was injured as a result of the way he was treated while incarcerated in the Delaware County Jail (the "Jail") between February 11, 2014, and February 21, 2014, in *Westbrook v. Delaware County Sheriff Department, Its Jail and Agents,* 1:16-cv-00422-WTL-DKL (S.D. Ind. 2016) (Judgment entered April 26, 2016) and *Westbrook v. Sheriff of Delaware County, et al.*, 1:18-cv-01604-JPH-DLP (S.D. Ind. 2018) (Judgment entered December 17, 2018) (USCA Case Number 19-1131). Under these circumstances, Mr. Westbrook's concerns that settlement of the claims in this case could result in the dismissal of his claims against Delaware County Sheriff's Department are unfounded. Accordingly, this apparent dispute over the breadth of the release is immaterial and not a basis to find that the settlement agreement did not occur. The material terms agreed to are the dismissal of the remaining defendants in this action in exchange for Defendants paying Mr. Westbrook $12,500.

This Court like all district courts, "possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." *Wilson v. Wilson*, 46 F.3d 660, 664 (7th

Cir. 1995). It is for these reason that this Court concludes that the parties reached a settlement agreement on August 8, 2018. The material terms of that agreement are the dismissal of the remaining defendants in this action in exchange for $12,500. There is no dispute as to these material terms. The motion to enforce the settlement agreement and dismiss this action, dkt 215, is **granted.**

### III. Conclusion

The parties' oral settlement agreement shall be enforced. This Court shall now enter final judgment of $12,500 in favor of Mr. Westbrook and against City of Muncie, the Muncie Police Department, Daniel Hahn, Matthew Hollans, and Muncie City Court of Muncie, Indiana (jointly and severally).

**IT IS SO ORDERED.**

Date: 2/15/2019

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1113 East 6th Street
Muncie, IN 47302

All Electronically Registered Counsel